[No. 4955.]

# M. H. TURRILL v. W. H. GRATTAN ET AL.

52　97
87　42

Grading Streets in San Francisco. — The Board of Supervisors of the City and County of San Francisco have no jurisdiction to give notice of an intention to order or to order grading done on any street mentioned in the third section of the Act of 1872, p. 805, in the absence of a petition signed by the owners of a majority of the frontage of the land made liable for the grading, except public property.

Idem. — There is no substantial difference between the absence of a petition and a petition lacking the essential averment

Appeal from the District Court, Third Judicial District, City and County of San Francisco.

Action to enforce a lien on a lot at the northeast corner of Washington and Baker Streets, San Francisco, fronting one hundred and thirty-seven and a half feet on Washington Street, and running back one hundred and twenty-seven feet eight and one-quarter inches.

The following petition was, on the 25th of October, 1872, presented to the Board of Supervisors:

"We, the undersigned, owners of and in possession of a majority of the property fronting on Washington Street, between Broderick Street and First Avenue, in this City and County, except public property, respectfully request your Honorable Body to order that said Washington Street be graded from Broderick Street to First Avenue, except where already graded."

Between Broderick Street and First Avenue there were nine street crossings. The fourth section of the Act of 1872 provides that "no such notice" [meaning notice of intention] "shall be given, or order made for the grading of any street mentioned in sec. 3 of this act, unless the majority of the frontage of the lots and land fronting on the work proposed to be done, and described in said resolution, or which is to be made liable for such grading, except public property, shall have been represented by the owners thereof, or by their agents, in a petition to the said Board of Supervisors, stating that they are the owners and in possession, or agents of the lots named in the

petition, and also requesting that such improvements or street work shall be done." The Board of Supervisors gave the required notice of their intention to order the work done, and then ordered it done. The plaintiff was the contractor. He recovered judgment in this action, and the defendants appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*J. H. Smyth* and *M. A. Edmonds*, for the Appellants.

It does not otherwise appear that the petitioners have or claim to have the requisite frontage. The majority of frontage on Washington Street was not sufficient in this case, because the improvement covers nine intermediate crossings, and the lots on these cross streets, for half a block each way, were liable by law for the grading of the crossings. The petitioners do not claim to have any frontage on the cross streets. They do not say they have a majority of frontage on Washington Street.

*J. M. Wood*, for Respondent.

That part of the fourth section of the Act of 1872 (Stats. 1872, p. 805) applicable to this question, reads as follows:

" No notice shall be given   *   *   *   for the grading of any street   *   *   unless the majority of the frontage of the lots and lands fronting on the work proposed to be done,   *   *   *or* which is to be made liable for such grading, except public property, shall have been represented by the owners thereof in a petition," etc.

We respectfully submit that the disjunctive conjunction " or," in the above quotation, should not be construed to mean " and." If not so construed the statute does not support the judgment herein.

By the COURT:

The Board of Supervisors of San Francisco have no jurisdiction to give notice of an intention to order, or to order, grading to be done on any street mentioned in the third section of the Act of 1872, in the absence of the petition mentioned in

the fourth section; and there is no legal difference between no petition and a petition lacking the substantial averments required by the statute.

The fourth section requires that the petition shall be signed by the owners of a majority of the frontage of the property made liable for the grading, except public property.

In this case the proposed grading includes nine *crossings*. The lots on the cross streets for half a block each way were liable for the grading of the crossings; yet the petitioners did not claim to be owners of any frontage on the cross streets, nor did they claim to be the owners of a majority of the property to be affected, but only a majority of the frontage on *Washington Street*, which might be a majority of all the frontage of the property to be made liable.

Judgment and order reversed, and cause remanded for a new trial.