[S. F. No. 8524. In Bank.—January 8, 1920.]

HENRIETTA PIERCE WATKINSON, Appellant, v. I. R. VAUGHN, City Treasurer, etc., et al., Respondents.

[1] STREET LAW—IMPROVEMENT ACT OF 1911—RESOLUTION OF INTENTION—OMISSION TO EXPRESSLY DECLARE DISTRICT DESCRIBED AS DISTRICT TO BE BENEFITED—CURE OF DEFECT.—In the matter of street improvement proceedings under "the Improvement Act of 1911" (Stats. 1911, p. 730), the failure of the resolution to expressly declare, as required by section 4 of the act, that the district described and to be assessed is the district to be benefited by the improvement, is cured by the failure of the property owners to make objection to such omission as provided by section 16, and by the issuance of bonds, to pay for the improvement without objection, which bonds, under section 66, by their issuance are made conclusive evidence of the regularity of the proceedings.

[2] ID.—DELAY IN POSTING NOTICES OF IMPROVEMENT—WAIVER OF OBJECTION.—The contention that proceedings under the act of 1911 are a nullity because the notices of improvement were not posted "immediately" as required by section 5 of the act, but delayed for fifteen days, is waived in the absence of an objection to the city council.

[3] ID.—NOTICE OF TIME FOR HEARING PROTESTS—SUFFICIENCY OF STATUTORY PROVISION.—The provision of section 6 of the Improvement Act of 1911 gives the property owners notice of the time fixed for hearing protests, which is the regular meeting of the council after the time for filing protests has expired.

[4] ID.—CONSTRUCTION OF SEWERS—INCLUSION IN TITLE OF ACT OF 1911.—The expression "work in and upon streets" in the title of the Improvement Act of 1911 declaring the act to be "An act to provide for work in and upon streets, avenues, lanes," is broad enough to include the construction of sewers in the public streets, avenues, and lanes.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Affirmed.

The facts are stated in the opinion of the court.

William. T. Kearney and Edward C. Harrison for Appellant.

Snook & Church and Fox & Ledwich for Respondents.

Faulkner & Faulkner, T. John Butler, Frank M. Parcells, J. B. Richardson and R. M. F. Soto, *Amici Curiae.*

LAWLOR, J.—This is an appeal from a judgment in favor of the defendants in an action brought by the plaintiff as the owner of some twenty lots in the city of Richmond, to quiet her title to, and to enjoin the defendants from proceeding to the sale of, such lots to satisfy a lien thereon on account of the nonpayment of certain installments due on a series of street improvement bonds issued by the city of Richmond to pay for the improvement of Cutting Boulevard, in that city. The work was done and the bonds issued pursuant to proceedings under "the improvement Act of 1911" (Stats. 1911, p. 730). Section 4 of the act reads, in part, as follows:

1. "Whenever the contemplated work or improvement, in the opinion of the city council, is of more than local or ordinary public benefit, . . . the city council may make the expense of such work or improvement chargeable upon a district, which the said city council shall, in its resolution of intention, *declare to be the district benefited by said work*

*or improvement,* and to be assessed to pay the costs and expenses thereof.'' (Italics ours.)

The resolution of intention passed by the city council, and under which the work was done, declared that the work was of more than local or ordinary benefit, and made the expense of the improvement chargeable on a district which was described, and which was declared to be the district to be assessed to pay the expense. The resolution, however, failed, as required by the section of the act just quoted, to declare expressly that the district described and so to be assessed was the district benefited, and this omission is the principal defect in the proceedings relied upon to establish the invalidity of the bonds.

In view of section 82 of the act, that it should be liberally construed, and in view, also, of the fact that the act of the city council in assessing the cost of the work on the district very clearly implies a finding that the district described is the district to be benefited, a very serious question arises as to whether the omission of the express declaration that the district is the district benefited is a substantial defect such as would, under any circumstances, invalidate the proceedings. Passing this question, however, and assuming, without deciding, that the omission would constitute a substantial defect such as the property owner would have the right to rely upon, if advantage were taken of it at the proper time and place, the further question immediately arises as to whether this defect was not cured both by the admitted failure of the plaintiff to make objection to it pursuant to the provisions of section 16 of the act, and by the fact that the bonds in question were issued without objection by the plaintiff, and such issuance is made conclusive evidence of the regularity of the proceedings upon which the bonds are based by section 66 of the act.

Section 16 reads: ''At any time within ten days from the date of the first publication of the notice of award of contract, any owner of, or other person having any interest in any lot or land liable to assessment, who claims that any of the previous acts or proceedings [of which the resolution of intention is one], relating to said improvement are irregular, defective, erroneous or faulty, may file with the clerk of the city council a written notice specifying in what respect said acts and proceedings are irregular, defective, er-

roneous or faulty. Said notice shall state that it is made in pursuance of this section. All objections to any act or proceeding occurring prior to the date of the first publication of the aforesaid notice of award, in relation to said improvement, not made in writing and in the manner and at the time aforesaid, shall be waived; provided, the resolution of intention to do the work has been actually published and the notices of improvement posted as provided in this act."

The last sentence of section 66 reads: "Said bonds, by their issuance, shall be conclusive evidence of the regularity of all proceedings thereto under this act."

It is contended by plaintiff that the resolution of intention is jurisdictional, which, of course, is true, and that since the resolution of intention fails because of the omission in question to conform to the requirements of the act, such omission is a jurisdictional defect which cannot be cured by any failure on the part of the property owner to make objection to it, or by any provision as to a conclusive presumption of regularity.

This very question of what defects in street improvement proceedings could be cured under such provisions as those of section 16 and section 66 in the present act was considered at length in *Chase* v. *Trout*, 146 Cal. 350, [80 Pac. 81]. The argument was there made that no so-called "jurisdictional defect could be thus cured." In response, however, to this argument the decision made a distinction between those so-called jurisdictional requirements which are called for by statute, and those jurisdictional requirements which are necessary for a compliance with the constitutional provision that property shall not be taken without due process of law, or with other constitutional provisions, and it was held that while a failure to comply with jurisdictional requirements of the latter class could not be cured, a failure to comply with those of the former class might be cured by action of the legislature, since the legislature had the right, in the first instance, to omit such requirements entirely. The discussion on this point is thus summed up in *Chase* v. *Trout*, 146 Cal. at page 359, [80 Pac. 84]:

"The correct proposition is, that as the legislature has power to devise any scheme for the assessment and levy of taxes for local improvements, provided such scheme includes

such notice and opportunity for hearing to the owner of property taxed as will be sufficient to constitute the due process of law required by the constitution, and otherwise complies with constitutional limitations and restrictions, so the legislature, by a curative clause in .the law establishing the scheme, may provide that the issuance of a bond, or the execution of a deed, in the enforcement of such levy or assessment, shall be conclusive evidence of the regularity of the performance of all the required steps in the proceeding, excepting those that are necessary to constitute the due process of law, or to comply with any other constitutional prerequisite.  As to all these other statutory steps or acts, the same power which prescribes them is competent to declare that their nonobservance shall not be fatal to the validity of the tax and that no inquiry may be made concerning them.   This is substantially the effect of the statute in question here. The conclusive evidence clause of section 4 of the Bond Act is a part of the law under which the proceeding was carried on, and its effect is the same as if it declared that, although all of these intermediate steps are directed, yet, if they are not performed as required, and the owner permits the matter to proceed until the bond is issued, he shall be thenceforth precluded from proof of such nonobservance, and the requirements shall be conclusively presumed to have been complied with, *excepting those which are necessary to comply with constitutional mandates."*  (Italics ours.)

This language has been quoted, or its substance repeated, and the principle enunciated by it applied in a number of subsequent decisions.   (*Baird* v. *Monroe,* 150 Cal. 568, [89 Pac. 352] ; *Board of Education* v. *Hyatt,* 152 Cal. 515, [93 Pac. 117] ; *Wilcox* v. *Engebretsen,* 160 Cal. 292, [116 Pac. 750] ; *Schaffer* v. *Smith,* 169 Cal. 764, [147 Pac. 976] ; *Imperial Land Co.* v. *Imperial Irr. Dist.,* 173 Cal. 660, [161 Pac. 113].)

In *Wilcox* v. *Engebretsen, supra,* the statute provided that no change of grade should be made except on the petition of a majority of the property owners affected.  Such petition, in other words, was a condition precedent to any action looking to a change of grade and, therefore, jurisdictional in the ordinary sense of the word.  Proceedings for a change of grade were attacked because of the want of

such a petition. There was no curative provision in the statute under which the proceedings were taken, and because of this the proceedings were held invalid. The court, however, took occasion to discuss the nature of such a "jurisdictional" requirement, and as to it said: "It is necessary at the outset to state some fundamental distinctions which have not always been noted and which serve to explain some of the decisions. Where a statute requires such a petition to be filed as a condition precedent to the making of such order, the board or council has no power to make the order until a sufficient petition has been filed. This is settled by the cases of *Turrill* v. *Grattan*, 52 Cal. 97, *Dyer* v. *Miller*, 58 Cal. 585, *Mulligan* v. *Smith*, 59 Cal. 206, and *Kahn* v. *Board*, 79 Cal. 396, [21 Pac. 849], and as to that point there is no dispute. But the necessity for such petition is the creature of the statute. It is not required by any constitutional guaranty. From this it follows that the statute may dispense with such requirement, or it may provide that the decision of the board or council as to its sufficiency, or any subsequent act depending upon it, such as the issuance of the bonds, shall be conclusive evidence of the fact that a sufficient petition has been filed. Such provisions will be upheld as valid. (*Chase* v. *Trout*, 146 Cal. 356, [80 Pac. 81]."

In *Imperial Land Co.* v. *Imperial Irr. Dist.*, 173 Cal. 660, [161 Pac. 113], the principle here involved is stated in language so applicable to the case at bar that we venture to quote it also: "In any proceeding designed to subject the property of an individual to the burden of tax or assessment, certain elements are essential to constitute compliance with the mandates of the state or federal constitutions. It is agreed on all hands that no curative act can deprive a property owner of the right to resist a pretended assessment which, if enforced, would deprive him of his property without due process of law, or otherwise infringe his constitutional rights. But short of this, there is no more reason for denying to the statute before us than to that involved in *Chase* v. *Trout*, 146 Cal. 350, [80 Pac. 81], the effect of foreclosing any attack based upon the failure to pursue regularly or at all those steps which the legislature was not bound to make a part of the statutory procedure. As is pointed out in *Chase* v. *Trout, supra*, the applicability of

curative statutes is not to be determined solely by inquiring whether the steps omitted or defectively performed were 'jurisdictional.' The term 'jurisdictional' has been used in various senses. The power to levy an assessment or impose a liability on private property is derived solely from the statute, and must be exercised in the manner laid down in the statute. In this sense, the jurisdiction of the board extends only to its right to act in the manner prescribed by the legislature. But with respect to any steps which are not constitutionally necessary, the legislature may, in the very act which requires these 'jurisdictional' steps to be taken, declare that unless objection is made at a certain time or in a certain way, a failure to take these steps shall not affect the validity of the proceeding. This is the plain meaning of the holding in *Chase* v. *Trout, supra,* and we do not doubt that it is equally applicable here."

It cannot be successfully maintained that an express declaration in the resolution of intention that the district assessed is the district to be benefited is necessary in order that there be due process of law, or that it is necessary for a compliance with any other constitutional provision. This being the case, it was competent for the legislature to provide that the failure to include such declaration in the resolution of intention might be cured by a failure on the part of the property owner to make objection to it at a suitable time and place, and that a property owner would not be permitted to sit back in silent reliance on such a defect and allow the work to go on and when completed come in and say that the proceedings were not properly taken, and that his property was therefore not subject to be called upon to pay its due proportion of the cost. Nor can it be seriously contended that it was not the intention of the legislature by the present statute to do that very thing. The language of section 16 is specific to the effect that all objections not made in the manner and at the time prescribed shall be waived, provided only "the resolution of intention of the council to do the work, has been actually published and the notices of improvement posted as provided in this act."

[1] It follows that the objection which the plaintiff makes here is not one which it was open for her to make for the first time after the proceedings were completed, the work was done, and the bonds issued in payment thereof.

2. The plaintiff makes the further contention that the proceedings are a nullity because the notices of improvement were not posted "immediately" as required by section 5 of the act. The resolution of intention was first published on May 13, 1914, but the posting of the notices along the line of improvement did not begin until May 26, 1914—not until after a lapse of fifteen days. The plaintiff does not claim that after the notices were posted they did not stay up for the required length of time, nor is it urged that the time for filing or hearing protests, or any other right of the property owner, was in any manner affected by the delay. The property owner received all the notice that he was entitled to and all that he could have received had the notices been posted the day after the resolution was adopted. [2] Without deciding whether the delay of fifteen days was in fact a violation of the provisions of section 5, it is sufficient to hold that having failed to make objection to the city council on that ground the point will be deemed to have been waived.

3. The plaintiff contends further that there is a defect in the proceedings in that neither the day nor the hour for hearing objections to the proposed work was prescribed by law, ordinance, or otherwise. It is pointed out by plaintiff that section 6 of the act provides that within fifteen days after the date of the second publication of the resolution of intention, or, if the posting of the notices should be completed at a later date than the second publication, then within fifteen days after the completion of the posting, any owner of the property liable to be assessed may make written protest against the proposed work or against the extent of the district to be assessed, or both. The publication and posting were set forth in affidavits on file, and hence all parties concerned were given constructive notice of the time for filing protests. Section 6 further provides: "At the next regular meeting of the city council after the expiration of the time within which said protest may be made, the city council shall proceed to hear and pass upon all protests so made and its decision shall be final and conclusive." [3] This provision gave the property owners notice of the time fixed for hearing protests, which was the regular meeting of the city council after the time for filing protests had

expired, and we think this was sufficient. (*Stoner* v. *City Council of Los Angeles,* 8 Cal. App. 610, [97 Pac. 692].)

4. The final point urged by the plaintiff is that since the bonds represent an indebtedness incurred, in part, in the construction of sewers, the bonds are invalid because there is no provision in the title of the act for sewer work. It is a sufficient answer to this contention to mention that the title of the act declares: "An Act to provide for work in and upon streets, avenues, lanes . . . " [4] We think that the expression "work in and upon streets" is broad enough to include the construction of sewers in the public streets, avenues, and lanes.

The judgment is affirmed.

Wilbur, J., Olney, J., and Angellotti, C. J., concurred.

SHAW, J., Dissenting.—I dissent.

The question presented is whether or not, under the street improvement law of 1911 (Stats. 1911, p. 730), where the council determines to improve a street and assess the cost thereof upon a district, and the resolution of intention to do so fails to declare that the district to be assessed is "the district benefited by said work or improvement," such omission is cured by the provisions of sections 16 and 66 of the same act.

The majority opinion bases its conclusion that the omission is so cured chiefly upon some statements in the introductory discussion concerning the lawful scope and effect of curative statutes in the opinion of this court in *Chase* v. *Trout,* 146 Cal. 359, [80 Pac. 84]. The general rule, as there stated, is that such provisions may operate to cure the failure to follow any requirement of the prescribed procedure, "excepting those that are necessary to constitute due process of law, or to comply with any other constitutional prerequisite." That case involved the effect of the conclusive evidence clause of the Street Bond Act of 1893 (Stats. 1893, p. 33), upon proceedings for street improvements prescribed by the so-called Vrooman Act (Stats. 1885, p. 147, as amended). The clause of the said Bond Act was in precisely the same language as the conclusive evidence clause of section 66 of the act of 1911, and the proceedings prescribed by the Vrooman Act for acquiring jurisdiction to

make the proposed improvement are substantially the same as those prescribed by the act of 1911. Each of said acts requires the passage of a resolution of intention of a specified form, the publication of said resolution, the giving of notice of the time and place wherein property owners or others interested may file protests or objections to the proposed work or the extent of the district, and provides that if at such time no protests or objections are filed, or if such as have been filed are overruled or denied, "the city council shall be deemed to have acquired jurisdiction to order the proposed improvements." Referring to these provisions, the opinion in *Chase* v. *Trout,* 146 Cal. 359, [80 Pac. 84], proceeds to say that "this part of the proceeding constitutes 'due process of law' and satisfies the constitutional requirement." The complaint under consideration in that case alleged a number of asserted defects in the proceedings occurring after the acquisition of jurisdiction in the manner above set forth, and another alleged defect in the resolution of intention, consisting of the supposed failure thereof to "describe the work," as required by section 3 of the Vrooman Act. The opinion discusses the alleged defects occurring subsequently to the acquisition of jurisdiction and holds that they are all of a character which the legislature might have dispensed with and, consequently, that the noncompliance therewith, if it occurred, could be and was cured by the conclusive evidence clause. The opinion, in paragraph 5, page 366 of 146 Cal., [80 Pac. 87], then takes up the question of the claimed defect in the resolution of intention. Upon this subject the opinion contains this passage: "The appellant in answer to this claim contends that the curative clause of the Bond Act covers these defects, if such they are. The resolution of intention is the first step in the proceeding. It is to be published, and it is by means of such publication, and the notice thereafter given, which refers to it for particulars, that the council acquires jurisdiction. It is a part of the 'due process of law' required by the constitution, the want of which cannot be cured or waived by the legislature. There must be a substantial compliance with the provisions of the act in regard to this preliminary process." This express declaration that the resolution of intention must substantially comply with the requirements of the statute and that its failure in that respect is not cured or

waived by the conclusive evidence clause was apparently overlooked in the preparation of the majority opinion, and it is contrary to the conclusion stated therein. That it was considered important to the decision in *Chase* v. *Trout* is shown by the fact that the opinion proceeds elaborately to show that the resolution was not defective and that it did sufficiently describe the work. If such defect could have been cured, the point could have been disposed of in a few words to that effect.

The final acts which result in the acquisition of jurisdiction by the council to order the work done, under the act of 1911, are the publication of the resolution of intention for the period prescribed, and the posting of notices of the time and place of filing protests and objections as provided in section 5 of the act, together with the denial of protests or objections if any are filed. (Section 7.) Although the supposed curative provisions of section 16 refer in general terms to any objections to the proceeding prior to the date of publishing the notice of the award of contract, yet in view of the final clause of the section and the previous provisions of the act, it is clear that it was not intended thereby to render it unnecessary for the council to follow the steps prescribed as necessary to acquire jurisdiction. The final clause declares that objections on account of any defect, irregularity, error, or fault in the previous proceedings, not made in writing within ten days after notice of the award of the contract, shall be considered as waived, ''provided, the resolution of intention to do the work has been actually published and the notices of improvement posted as provided in the act.'' This, of course, does not refer to the protests or objections to be made at the hearing provided for in sections 5 and 6, for those must be acted on and denied before jurisdiction to order the work done and advertise for bids can be acquired. Section 16 must therefore refer exclusively to other objections, that is to say, to those which arise from proceedings subsequent to the acquisition of jurisdiction. In view of the decision aforesaid in *Chase* v. *Trout* and that in *Ramish* v. *Hartwell*, 126 Cal. 448, [58 Pac. 920], to the effect that material defects in the jurisdictional part of the proceeding cannot be cured, of which it must be presumed the legislature was aware, it could not reasonably be supposed that section 16 was in-

tended to provide for a waiver of any jurisdictional step in the proceeding, certainly not of those made mandatory by the language used.

It may be conceded that the legislature, if it had been so minded, could have expressly declared that the failure to state in the resolution of intention that the district described was the district benefited by the work should not invalidate the proceedings. But in view of the fact that the evident purpose of the provision was to compel the council to put itself on record on the subject and that 'it is one of the jurisdictional prerequisites prescribed by the act, nothing less than an express declaration that it should not be necessary should be considered as having that effect. The provisions of section 16 fall far short of such declaration.

Lennon, J., concurred.

Rehearing denied.

All the Justices concurred, except Shaw, J., and Lennon, J., who voted for rehearing.