[Sac. 3802. In Bank.—December 1, 1927.]

CHARLES WARREN NOYES III et al., Appellants, v. CHAMBERS & DeGOLYER et al., Respondents.

[1] STREET LAW—OBJECTIONS TO PROCEEDINGS—WAIVER—CONSTITU-TIONAL LAW. — Objections to proceedings having for their purpose the assessment of property for proposed public improvements are waived if not seasonably and properly urged before the local legislative body authorizing and directing said improvements; but objections addressed to the proceeding constituting, or necessary to constitute, a compliance with the "due process" clause of the state and federal constitutions are not waived by a failure to urge the same before the legislative branch of the municipality wherein the improvement proceedings were had.

[2] ID. — IMPROVEMENT ACT OF 1911—ASSESSMENT DISTRICT—EXTENT OR BOUNDARY OF — WAIVER OF OBJECTION.—Under the Improvement Act of 1911, an objection to the extent or boundary of an assessment district for public improvements is waived if not seasonably urged before the city council at the time for hearing of protests.

[3] ID. — FAILURE TO OBJECT TO PROCEEDINGS—COLLATERAL ATTACK—QUIETING TITLE.—Where property owners were duly and regularly apprised of a contemplated public improvement and of the extent of the assessment district to be charged with the cost thereof and failed to seasonably protest and object to said proceedings, they are precluded in an action to quiet title brought by them from collaterally attacking the assessment imposed by virtue thereof.

[4] ID. — CHANGES IN WORK — FAILURE TO OBJECT TO. — Property owners cannot object that specifications for sewer work which required that certain house branches or connections after installation be "plugged and capped" were changed in the progress of the work, in that they were "plugged and capped" at but one end, the other end having been connected with sewers constructed by the city, where more than thirty days elapsed since the date of the issuance of the warrant for the work and they failed to appeal to the city council on account of any asserted imperfection in the work.

[5] ID. — EVIDENCE — LACK OF PREJUDICE.—In such a case, evidence that the city had constructed certain sewers simultaneously with

1.  See 19 Cal. Jur. 321, 380.
2.  See 19 Cal. Jur. 189, 330, 368.
3.  See 19 Cal. Jur. 173, 174, 375.

the performance of the work in question, and that certain house branches installed in the latter work had been connected with the former work, even if erroneously admitted, was harmless, where the improvement proceedings are immune from collateral attack.

(1) 44 C. J., p. 698, n. 46.   (4) 44 C. J., p. 700, n. 52, p. 701, n. 97. (5) 4 C. J., p. 999, n. 22.

APPEAL from a judgment of the Superior Court of San Joaquin County. George F. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Aitken & Aitken, Frank W. Aitken, and Foltz, Rendon & Wallace for Appellants.

Daniel V. Marceau for Respondents.

THE COURT.—This is an appeal from a judgment in favor of defendants in an action brought by plaintiffs to quiet title to some twenty-one lots situate in the city of Stockton and to enjoin the defendants from asserting any adverse claim or interest therein. By way of answer and cross-complaint the defendants admit plaintiffs' title to the lots, but claim and assert certain street assessment liens thereon by virtue of an assessment for the cost of certain sewer improvements installed by defendants pursuant to proceedings under the Street Improvement Act of 1911 (Stats. 1911, p. 730) and amendments thereto. The cross-complaint closed with a prayer that the said liens be foreclosed. After trial without a jury, the plaintiffs were adjudged to be the owners in fee simple and entitled to the possession of said twenty-one lots subject to the lien of defendants upon each in the sum of $88.09 together with interest. As requested by defendants, provision was made in said judgment for the foreclosure of said liens.

The resolution of intention passed by the city council, and under which the work was done, declared, in accordance with the provisions of section 4 of the improvement act, that the work was of more than local or ordinary public benefit. An assessment district was thereupon created and described therein and charged with the expense of the proposed improvement. As required, the resolution of in-

tention also fixed a time and place for the interposition and hearing of objections or protests to the contemplated improvement. Provision was likewise made for the publication and posting of notice of the passage of said resolution of intention. Among other things, the trial court found that there had been legal and sufficient posting and publication of notice of the improvement proceedings. A finding was also made to the effect "That prior to the hour set in said Resolution of Intention for hearing objections to the proposed work, none of the owners of property liable to be assessed for said work made any written or any protest against the proposed work or the extent of the district to be assessed and for the cost and expenses of said work and improvement, or either." These findings of the lower court are not assailed by the appellants.

It is urged, however, that the assessment upon the respective lots herein involved is void. This contention is founded upon the asserted invalidity of the improvement proceedings giving birth to such assessment. The appellants vigorously argue that the assessment district created by and described in the resolution of intention consisted of two separate and distinct sections of the city of Stockton which were improperly included in one district; that the sewer construction work performed in each of said sections of the district was peculiar thereto and without benefit to the other; that a portion of the work was wholly useless and not an "improvement" within the meaning of the act under which the same was performed, and that the specifications, descriptive of the improvement work, were uncertain and indefinite.

We have grouped these several attacks upon the improvement proceedings for the reason that they may be considered and disposed of as a unit. [1] This court has, upon many occasions, declared that objections to proceedings having for their purpose the assessment of property for proposed public improvements are waived if not seasonably and properly urged before the local legislative body authorizing and directing said improvements. (*Blake* v. *City of Eureka,* 201 Cal. 643 [258 Pac. 945]; *Watkinson* v. *Vaughn,* 182 Cal. 55, 58 [186 Pac. 753]; *Chase* v. *Trout,* 146 Cal. 350, 357 [80 Pac. 81].) It is true, however, that the decisions have steadfastly recognized that objections addressed to the proceeding constituting, or necessary to constitute, a compliance

with the "due process" clause of the state and federal constitutions are not waived by failure to urge the same before the legislative branch of the municipality wherein the improvement proceedings were had. (*Chase* v. *Trout, supra; Watkinson* v. *Vaughn, supra.*) With this exception to the general rule above announced we are not here concerned for, as already indicated, the court below found that sufficient and legal notice of the improvement proceedings had been given and ample opportunity for the advancement and hearing of objections thereto provided. The provisions of the due process clause were therefore satisfied.

[2] Section 16 of the Improvement Act of 1911 provides in part that "All objections to any act or proceeding occurring prior to the date of the first publication of the aforesaid notice of award, in relation to said improvement, not made in writing and in the manner and at the time aforesaid, shall be waived; provided the resolution of intention to do the work has been actually published and the notices of improvement posted as provided in this act." In discussing the waiver of objections not seasonably advanced before a city council this court in the very recent case of *Blake* v. *City of Eureka, supra,* declared that "plaintiffs cannot raise any objection in this action which they could have raised before the city council at the time provided by section 6 of said act for the hearing of protests, and which they failed to make by means of written protests filed as provided in said act." That case, like the instant one, was concerned with the Improvement Act of 1911. That an objection to the extent or boundary of an assessment district is waived if not seasonably urged before the city council has been decided in the case of *Duncan* v. *Ramish,* 142 Cal. 686, 696 [76 Pac. 661, 665], wherein it is stated: "Under the Street Improvement Act the council has the power to declare the work to be of more than ordinary public benefit, and to make the assessment upon a district instead of upon the front-foot plan. The same section gives the property owners the right to object to the boundaries of the district, and to a notice and hearing before the council upon that subject. Upon the same principles and authorities heretofore referred to in reference to the question of benefits, it must be held that the property owner, having this right, must avail himself of it, or be concluded by the decision of the council. It

202 Cal.—35

does not appear that any objection was made to the boundaries of the district, and hence it must be held that the decision of the council as to its extent was correct.'' While the Improvement Act of 1911 was not there involved the above reasoning is peculiarly pertinent to the instant cause. The opinion of the last cited case also declares ''that where the property owner has an opportunity given him, under the prescribed proceedings, to appear and contest the question before the legislative body, the determination of that body on the subject of benefits is final, and that if he fails to appear he thereby admits the finality of the determination.'' This latter declaration is approved in the case of *Empire Securities Co.* v. *Matthews,* 179 Cal. 240, 241 [176 Pac. 160].

The respective sections of the several improvement acts providing for the waiver of defects in proceedings thereunder, and the many decisions interpreting and upholding the same, find abundant support in reason for as stated in *Haughawout* v. *Raymond,* 148 Cal. 311, 312 [83 Pac. 53], ''Notwithstanding that the proceedings for street work and sewer work, like proceedings in taxation, are *in invitum,* and that, therefore, a fairly strict and accurate compliance with all the statutory requirements is necessary; this is the limit to which any court should be expected to go in disposing of the questions which are involved. The contractor who has honestly and substantially complied with his contract, of which the property owners have received and will continue to receive the benefit, is quite as much entitled to the protection of the law as are the property owners themselves, and, upon the other hand, an endeavor—even a successful endeavor—upon the part of the property owners to defeat the just claims of such a contractor by a resort to the extreme technicalities of the law can, upon the whole, operate only to the disadvantage of the property owners themselves, since it necessarily tends to increase the price at which any and all future contractors will be willing to engage in work, payment for which, after having been duly performed, is met by harassment and vexatious delay, with the prospect at the end of utter failure of recovery.''

[3] As already stated, the appellants herein were duly and regularly apprised of the contemplated improvements and of the extent of the assessment district to be charged

with the cost thereof. Having failed to seasonably protest and object to said proceedings they are now precluded in this suit to quiet title from collaterally attacking the assessment imposed by virtue thereof. This conclusion disposes of the several contentions above enumerated.

[4] The appellants' next contention touches upon an asserted change in the work while in progress. In this connection it may be said that the specifications, which were by reference and incorporation made a part of the resolution of intention, required that certain house branches or connections after installation be "plugged and capped." Appellants urge that said house branches were "plugged and capped" at but one end, the other end having been connected with sewers constructed by the city. That the appellants should urge as an objection to the validity of the improvement proceedings a variation in the work which must have resulted in a benefit rather than a detriment to the property owners is difficult to understand. The trial court found that respondents had "duly performed . . . the said work according to the specifications and the terms of said contract and with materials complying with said specifications, all under the direction and to the satisfaction of the City Engineer of said City of Stockton." This finding has not been attacked by the appellants. In addition thereto the court also found that more than thirty days had elapsed since the date of the issuance of the warrant for the work, and that appellants and all others interested therein had failed to appeal to the city council on account of any asserted imperfection in the work. Under section 26 of the improvement act the appellants are now precluded from urging the objection under consideration. The case of *Jennings* v. *Le Breton,* 80 Cal. 8, 11 [21 Pac. 1127, 1128], while considering the act of 1872, correctly declares: "It seems to be well settled that the defendants had no other remedy for the alleged failure of the contractor to complete the work, or for misconduct of the superintendent of streets in approving or accepting the work before it was completed, than by appeal to the board of supervisors . . . and that by failing so to appeal, they waived the objections here made." Moreover, in 2 Elliott on Roads and Streets, fourth edition, page 895, section 718, it is stated: "While it is true that the highway officers are bound, in

general, to proceed in substantial accordance with their own order directing the improvement, still a slight deviation from it will not vitiate the proceedings unless it does the landowner some material harm. It is by no means every departure from the order or ordinance that will defeat the assessment, for, where no substantial injury is done to the property owners, the officers who made the order or enacted the ordinance may rightfully amend or change it. The public welfare and the interests of the landowners may often be promoted by some change, and the officers who made the original order ought to have some latitude allowed them so that they may be enabled to rectify mistakes or secure better results. The cardinal rule is that nothing shall be permitted that will tend to do harm to the property owners, but this salutary rule is obeyed rather than violated in permitting a change that is beneficial and it is not infringed by permitting changes that work no harm to the citizens.'' In view of what has been said we are of the opinion that the contention under consideration is without merit.

[5] It is next urged that the trial court erred in admitting certain evidence tending to establish that the city of Stockton had constructed certain sewers simultaneously with the performance of the work by respondents, and that certain of the house branches installed by respondents had been connected therewith. We are not prepared to declare this evidence immaterial to the issues involved in this action for the introduction thereof served to explain and account for the asserted noncompliance with and deviation from the specifications as regards the plugging and capping of the house branches. The connection of said house branches with the main sewer line obviated the necessity of such plugging and capping. However, even if it be assumed that such evidence was erroneously admitted the error cannot be said to have been prejudicial to the appellants' cause and certainly would not warrant a reversal of the judgment in view of the conclusion that the improvement proceedings are now immune from collateral attack by said appellants. This latter reason applies also to the ruling of the trial court rejecting appellants' offer of testimony touching upon the knowledge of the public generally as re-

gards the simultaneous construction by the city of said other sewers.

The final contention of appellants is to the effect that the lower court, under the findings made, was duty bound to enter judgment for them. With this contention we must also disagree. It is true that the findings relied upon in support thereof lend credence to certain of the allegations of appellants' answer to the cross-complaint; that is to say, the trial court found, among other things, that the work performed in each of the alleged sections of the assessment district was without benefit to the other, and that the plans and specifications of the work were, in part, uncertain and indefinite. The appellants have apparently overlooked the findings to the effect that the district did not consist of two separate and distinct sections of the city of Stockton, and that the cost of the said improvement work had been assessed upon each parcel of land in the district "in proportion to the estimated benefits to be received by each." Moreover, it will be remembered that the court also found that the appellants had failed to protest the proceedings or advance any objection to the work before the city council as required by law. We have already determined herein that in the absence of such timely protest and objection the appellants are now precluded from collaterally attacking the validity of the improvement proceedings and the legality of the resulting assessment. It follows, therefore, that the court below, under the findings made and the law applicable thereto, had no alternative but to enter judgment for the respondents.

For the foregoing reasons the judgment is affirmed.