# VOIGT *v.* DETROIT CITY.

ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 83. Argued December 6, 1901.—Decided February 24, 1902.

The Supreme Court of the State of Michigan having decided that the amount of taxes in a case like the present which may be assessed upon a district, or upon any given parcel of land therein cannot exceed the benefits, on a hearing given him the property owner could have shown

that there was a violation of that rule, if it had been violated, and such violation would have relieved his land from the tax; but he was not entitled to a notice of every step in the proceedings.

THIS is a bill in equity brought by plaintiff in error in the circuit court for Wayne County, Michigan, to restrain the sale of his lands for an assessment levied by the city of Detroit, for the city improvements, on the ground that the law under which the assessment was imposed is repugnant to the Fourteenth Amendment of the Constitution of the United States, and that the assessment, therefore, puts a cloud upon plaintiff's title. A demurrer was filed to the bill by defendants, which was sustained, and the bill dismissed. That action was affirmed by the Supreme Court of the State. 123 Mich. 547. A writ of error was then allowed by the Chief Justice of the State, and the case brought here.

The bill alleged that plaintiff was the owner of certain lots, (describing them,) which were a part of the subdivision of the "Voigt Park Farm," a plat of which had been made and recorded by plaintiff. Upon the plat was designated a street called "Second avenue," and to extend that street proceedings were instituted, which resulted in a verdict opening the same as a public necessity. Damages were awarded for the property taken to the amount of $73,732.68.

The verdict was confirmed by the court, and the judgment of confirmation was transmitted to the common council of the city, and was referred to the committee on street openings. The committee reported, recommending that $49,155.12 of the award be assessed on a local assessment district and the balance be paid by the city. A resolution was then adopted by the common council fixing and determining the assessment district, and including therein the property of plaintiff. The resolution recited " that it is hereby determined that the sum of $49,155.12 is a just proportion of the compensation awarded by the jury for the property taken for said improvement which should be paid by the owners," of the property included in said assessment district; and it was further resolved that said amount be assessed and levied upon the several parcels of said property by the board of assessors of the city. It was also alleged that

plaintiff in error " had no notice of the intention of said common council to impose and have assessed upon a local assessment district a part of the damages awarded by the jury in said condemnation proceedings, and no notice to appear before said council or any committee thereof in relation to the matter of determining the limits of such district and the amount to be assessed thereon, and that he was given no opportunity to appear and be heard before said common council or any committee thereof with reference thereto."

An assessment roll was subsequently prepared, " being street assessment roll No. 111," and confirmed by the common council. By the assessment roll the sums assessed against the property of plaintiff aggregated the sum of $9957. The roll was placed in the hands of the defendant, Thomas M. Lucking, receiver of taxes of the city, for collection, and plaintiff notified of the assessment against his property, and payment of the amount assessed was demanded. And it is alleged that the receiver will, unless restrained, advertise and sell plaintiff's property for the amount assessed thereon.

The condemnation proceedings were instituted and conducted under the provisions of section 3406 of the Compiled Laws of the State of Michigan, and it is alleged that those provisions violate the Fourteenth Amendment of the Constitution of the United States, in that they deprive plaintiff of his property without due process of law, for the following reasons:

" I. Because said law does not provide for giving to the property owners interested any notice of the proceedings of the common council for the determination of the limits of the local assessment district, and the amount or proportion of the award of the jury to be assessed thereon, and does not provide for the giving to the property owners interested notice of any hearing by such common council as to the amount of land to be included in such assessment district and as to the amount or proportion of such award to be assessed thereon.

" II. Because said law does not fix the basis upon which or the standard by which the common council are to determine what is the just proportion of the compensation awarded by the jury to be assessed upon the assessment district.

" III. Because the said law does not require that the amount of the award of the jury which the common council may order to be assessed upon such assessment district shall not exceed the total amount of the benefits derived by the lands in said district from the improvement to pay the expense of which such award was made.

\*    \*    \*    \*    \*    \*    \*    \*

" That the proceedings of said common council, hereinbefore set forth, in determining said assessment district and the amount to be assessed upon it are invalid for the reasons aforesaid, and for the further reason that it does not appear by the resolution fixing said district and determining the amount to be assessed thereon upon what basis or standard or by what method the council determined the proportion of the award to be assessed upon said district, or that the amount to be assessed did not exceed the total amount of benefits derived by the property to be assessed from the improvement."

*Mr. Hinton E. Spalding* for plaintiff in error. *Mr. Hoyt Post* was on his brief.

*Mr. Charles D. Joslyn* and *Mr. Timothy E. Tarsney* for defendants in error.

MR. JUSTICE McKENNA, after stating the case, delivered the opinion of the court.

The proceedings in this case were had under the provisions of an act of the State of Michigan entitled " An act to authorize cities and villages to take private property for the use and benefit of the public, and to repeal act No. 26, Public Acts of 1882." This act is reproduced in the Compiled Laws of Michigan of 1897 as sections 3392 to 3415.

The particular provisions attacked are contained in section 3406 (section 15 of the original act), and are as follows:

" When the verdict of the jury shall have been finally confirmed by the court, and the time in which to take an appeal is expired, or, if an appeal is taken, on the filing in the court be-

low of a certified copy of the order of the Supreme Court affirming the judgment of confirmation, it shall be the duty of the clerk of the court to transmit to the common council, board of trustees, or board of supervisors, a certified copy of the verdict of the jury, and of the judgment of confirmation, and of the judgment, if any, of affirmance; and thereupon the proper and necessary proceedings, in due course, shall be taken for the collection of the sum or sums awarded by the jury. If the common council, or board of trustees, or board of supervisors believe that a portion of the city, village or county in the vicinity of the proposed improvement will be benefited by such improvement, they may, by an entry in their minutes, determine that the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners or occupants of real estate deemed to be thus benefited; and thereupon they shall, by resolution, fix and determine the district or portion of the city (or) village or county benefited, and specify the amount to be assessed upon the owners or occupants of the taxable real estate therein. The amount of the benefit thus ascertained shall be assessed upon the owners or occupants of such taxable real estate, in proportion, as nearly as may be, to the advantage which such lot, parcel or subdivision is deemed to acquire by the improvement. The assessment shall be made and the amount levied and collected in the same manner and by the same officers and proceeding, as near as may be, as is provided in the charter of the municipality for assessing, levying and collecting the expense of a public improvement when a street is graded. The assessment roll containing said assessments, when ratified and confirmed by the common council, board of trustees, or board of supervisors, shall be final and conclusive, and *prima facie* evidence of the regularity and legality of all proceedings prior thereto, and the assessment therein contained shall be and continue a lien on the premises on which the same is made until payment thereof. Whatever amount or portion of such awarded compensation shall not be raised in the manner herein provided shall be assessed, levied and collected upon the taxable real estate of the municipality, the same as other general taxes are assessed and collected in such city, vil-

lage or county.   At any sale which takes place of the assessed premises, or any portion thereof, delinquent for non-payment of the amount assessed and levied thereon, the city (or) village or county may become a purchaser at the sale."

· Plaintiff in error makes two objections to the law :

" First. That it does not afford to the property owner notice and opportunity of hearing upon the questions of what lands, if any, are specially benefited by the improvement, and therefore to be included in the assessment district, and what is the amount of the special benefit, and therefore the maximum amount to be paid by the district. .

" Second. That it does not require the amount imposed upon the district to be limited to the amount of special benefit."

The common council proceeded as required by the ordinance. They determined that a portion of the city was benefited by the improvement, created a district of the property benefited, determined also that $49,155.12 was a just proportion of the compensation awarded by the jury to be assessed upon the property owners of the district created, and directed the board of assessors to make the assessment.   The assessment roll was subsequently made out and was ratified and confirmed by the council.   The assessment against the property of plaintiff in error was nearly $10,000.

Passing on the ordinance, the Supreme Court said : " No provision· is made for a notice to property owners of a time and place of hearing upon either the question of fixing a taxing district or the question of the amount of the award to be spread thereon."   But the court observed that such notices were not necessary to vindicate the statute from the charge of being unconstitutional, because " the statute provides for a hearing in relation to the proportion each·piece of property shall bear to the whole cost of the·improvement, and the proper notice of this hearing was given."   And further:

" When the proceeding has reached that stage where it becomes necessary to decide what proportion of the cost of the proposed improvement shall be assessed to any given description of land, there must be an opportunity given to the owner of the land to be heard upon that question.

"There is no claim in the bill of complaint that his property is not benefited by the proposed improvement, in excess of the amount assessed, nor is there any claim that he was not allowed to be heard in relation to the amount which should be assessed against his property, thus avoiding the difficulties found in the cases cited by the counsel for complainant. We do not think it can be said that complainant's property is taken without due process of law. This statute has been construed in *Beecher* v. *Detroit*, 92 Mich. 268, and *Smith et al.* v. *Common Council*, 6 Detroit Legal News, 281, and the action taken by the common council thereunder upheld."

It was urged by plaintiff in error in the Supreme Court of the State, as it is now urged here, that—

"The act is bad because it does not fix any rule or standard by which the council are to determine the just proportion of the award of the jury to be assessed upon the district, nor limit the total assessment of the district to the amount of its benefits.

"The constitutional limit of the amount to be imposed upon the district is the total benefit to the district. The law might therefore permit the council, when, in their judgment, a portion of the city in the vicinity of the improvement is benefited thereby, to determine the amount of such benefit and to require a just proportion of the compensation awarded by the jury, not exceeding the total benefit, to be assessed upon such local district. This act contains no such limitation. The council are empowered, when they believe that a local district is benefited, to assess what in their judgment is a just proportion of the whole award upon the district, without requiring that proportion to be limited by the amount of benefit."

To the contention the Supreme Court of the State replied:

"We do not think this is a fair construction of the language of the statute. Before the council can create the district at all they must believe that a portion of the city in the vicinity of the proposed improvement will be benefited by such improvement, and then provide for an apportionment of the compensation awarded by the jury upon the property deemed to be benefited. The amount of the benefit thus ascertained shall be assessed upon the owners or occupants of such taxable real es-

tate in proportion, as nearly as may be, to the advantage which such lot, parcel or subdivision is deemed to acquire by the improvement.' We think this language makes it clear that the amount of tax which may be assessed upon the district or upon any given parcel of land cannot exceed the benefit. Provision is then made for the assessment levy and collection of the tax."

The law, then, as we understand the decision of the Supreme Court of the State, provides for the formation of a district in the vicinity of the proposed improvement, the limits of the district to be determined by the benefits derived from that improvement, and further provides that the common council shall determine what proportion of the cost of the improvement ("compensation awarded by the jury") shall be assessed upon the owners of the real estate benefited. The language of the statute is: "The amount of the benefit thus ascertained shall be assessed upon the owners or occupants of such taxable real estate, in proportion, as nearly as may be, to the advantage which such lot, parcel or subdivision is deemed to acquire by the improvement."

It would be difficult to find any provision fairer than this in purpose and which so essentially satisfies every requirement of due process of law. And such purpose cannot be defeated if a hearing to the property owner can prevent defeat. He is given a thoroughly efficient opportunity to be heard to test the legality of the charge upon him. And it is only with the charge upon him that he is concerned, and of that alone can he complain. In the legality of that charge is necessarily involved the legality of all which precedes it and of which it is the consequence. The Supreme Court of the State decided, as we have seen, "that the amount of the taxes which may be assessed upon the district or upon any given parcel of land cannot exceed the benefits." On the hearing given, therefore, the property owner can show a violation of the rule, if a violation there be, and the showing will take his land out of the district and relieve it from the tax.

The contentions of plaintiff in error seem to be based on the assumption that a property owner must have notice of every step of the proceedings. Such assumption is untenable. *Wey-*

*erhaueser v̌. Minnesota,* 176 U. S. 550, and cases cited; *King* v. *City of Portland, ante,* 61.

*Judgment affirmed.*

Mr. Justice Harlan did not hear the argument and took no part in the decision.