[Civ. No. 6403. First Appellate District, Division Two.—March 5, 1929.]

CALIFORNIA LAND COMPANY (a Corporation) et al., Appellants, v. TOWN OF CORTE MADERA (a Municipal Corporation) et al., Respondents.

R. M. F. Soto and Aitken & Aitken for Appellants.

H. C. Symonds for Respondents.

BUCK (G. F.), P. J., *pro tem.*—This is an action by plaintiffs, property holders in the Town of Corte Madera, to quiet title and enjoin the said town and its officials from issuing any bonds to cover an unpaid assessment for street work done under the Improvement Act of 1911. (Stats. 1911, p. 730.)

The case was tried by the court without a jury and findings and judgment were made and given in favor of the plaintiffs. Thereafter, proceeding under the provisions of sections 663 and 663a of the Code of Civil Procedure, the defendants moved the court to set aside and vacate the said judgment upon the grounds that in the light of facts found "the court must in this suit to quiet the title of plaintiffs' lots of land against the lien of such assessment by its judgment and decree direct the making of a reassessment to cover the assessments involved in such suit pursuant to the requirements of section 28 of the said 'Improvement Act of 1911.'" Whereupon the court, after a hearing of the motion, did order that "said judgment and said conclusions of law are hereby vacated and set aside, and other and different conclusions of law are hereby ordered and made, and another and different judgment based upon such other and different conclusions of law is hereby ordered to be made and entered in said action." Such other and different conclusions of law being as follows:

"That the contract entered into between the Superintendent of Streets of the Town of Corte Madera, a defendant herein, and S. P. Brownlee, as contractor named in the amended complaint herein, which contract was entered into in the month of August, 1923, to-wit: on the twenty-eighth (28th) day of August, 1923, was, and is, null and void.

"That the alleged assessment and the warrant accompanying the same, and recorded therewith on the twenty-fourth day of November, 1924, are, and each of them is, null and void.

"That the plaintiffs are respectively the owners of the several lots or parcels of land described in said amended complaint as amended according to the respective interests therein set forth; and that defendants have not, nor has any of said defendants, any right, title, estate or interest in or to any of said lots or parcels of land by reason of said assessment filed and entered as set forth in said findings of fact.

"That the said assessment mentioned in said findings of fact is null and void, being void upon its face in making deductions to be paid by said Town of Corte Madera not authorized by said Resolution of Intention, and being also void in being based upon the contract mentioned in said findings of fact which contract was void by reason of no Notice of

Award of such contract having been given as required by law. That said assessment being null and void, as aforesaid, nullifies and makes void all assessments for the cost and expense of said work or improvement including the assessments therefor against said properties of plaintiffs.

"That defendants are entitled to have a reassessment made to cover the cost and expense of the work or improvement in said findings of fact, which work or improvement was made through an attempted compliance with the 'Improvement Act of 1911,' such cost and expense to be assessed against the real estate benefited by such work or improvement. That said assessments involved in said action, and all assessments for the cost and expense of said work or improvement being null and void, as aforesaid, a full reassessment of said cost and expense against the real estate benefited thereby is therefore necessary, and such full reassessment is hereby ordered."

Whereupon the court gave judgment decreeing that the contract of August, 1923, under which the work and labor were performed "is null and void" and that the "assessment and the warrant accompanying the same recorded on November 24, 1924, are and each of them is null and void and said assessment being null and void as aforesaid, nullifies and makes void all assessments for the cost and expense of said work or improvement including the assessments therefor against said property of plaintiffs." And the court further adjudicates that "defendants are entitled to have a reassessment made to cover the cost and expense of the work or improvement mentioned in said findings of fact, which work or improvement was made through an attempted compliance with the 'Improvement Act of 1911,' such cost and expense to be assessed against the real estate benefited by such work or improvement. That said assessments involved in said action, and all assessments for the cost and expense of said work or improvement being null and void, as aforesaid, a full reassessment of said cost and expense against the real estate benefited thereby is therefore necessary, and such full reassessment is hereby ordered."

From this judgment the plaintiffs and the plaintiffs alone appeal. And it is apparent that that portion of the judgment declaring the contract and assessment based thereon to be void is in favor of plaintiffs and is in accordance with their own contentions.

■ It is also evident, as shown by the contentions in plaintiffs' briefs, that the only portion of the judgment as to which they can successfully contend that they are or may be aggrieved is that portion which provides for a reassessment to cover the cost and expense of the work or improvement. But in the first place a sufficient basis for the duty of the court to provide for a reassessment can be found in the express provisions of the Street Improvement Act of 1911, as amended in 1923 (Stats. 1923, at p. 18), which provides in part as follows: ''Whenever any court of competent jurisdiction in any suit to set aside the lien of any assessment or of any bond representing any assessment, or in any suit to quiet title against the lien of any such assessment, or bond shall in its judgment decree such assessments or bonds to be void, or unenforceable, then it shall in and by its decree direct the making of a reassessment to cover the assessments involved in such suit.''

■ In the case of *Ferry* v. *O'Brien,* 188 Cal. 629 [206 Pac. 449], a similar provision was held to be constitutional. Furthermore, the facts alleged in plaintiffs' complaint together with the prayer for general relief were amply sufficient upon which to base the conclusion and judgment directing the statutory reassessment. And the defendants had a right to rely upon the facts and conclusions urged by plaintiff to support the foregoing finding and judgment directing the reassessment. And the plaintiffs having relied upon and urged the invalidity of the contract and assessment, should now be estopped from objecting to the relief provided for by the statute in the case of such an invalidity. (*Dyer* v. *Scalmanini,* 69 Cal. 637 [11 Pac. 327]; 2 Page on Taxation by Assessment, at p. 1618 et seq.)

The judgment is therefore affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 4, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1929.

Preston, J., dissented.