[L. A. No. 11494.   In Bank.—June 30, 1930.]

WILLIAM BRILL et al., Appellants, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Roy A. Linn for Appellants.

Erwin P. Werner, City Attorney, and Arthur W. Nordstrom, Sam H. Erwin and Arthur Loveland, Deputies City Attorney, for Respondents.

PRESTON, J.—This appeal involves alone the question of the propriety under section 26a of the Street Opening Act of 1903 (Deering's Gen. Laws, Act 8198, p. 3309), of an order directing a reassessment in a proceeding involving the opening, widening and extending of Flower Street from Washington Street to Exposition Boulevard, and the laying out of a new street in prolongation of said Flower Street from Exposition Boulevard, to the intersection of Thirty-eighth and Figueroa Streets in Los Angeles.

This section purports to contain its own measure of power. Power to reassess applies to a case where omission, irregularity, illegality, informality, or noncompliance with the requirements of the statutes is present. It does not exist where "the issuing of such (original) assessment was entirely without the power of the city to issue." In other words, where due process of law is present when the first assessment is made, the reassessment is proper; where it is absent, the reassessment is improper. Said section 26a is closely akin to section 12¼ of the Vrooman Act (Stats. 1885, p. 147, Stats. 1913, p. 409), the provisions of which have been held valid and curative under circumstances similar to those of the case at bar (*Ferry* v. *O'Brien*, 188 Cal. 629 [206 Pac. 449]). A somewhat analogous situation is found in the case of *Wagoner* v. *LaGrande*, 89 Or. 192 [173 Pac. 305]. See, also, to the same effect, *Tibbits Pacific Co.* v. *Firth*, 53 Cal. App. 771 [200 Pac. 976]. A type of this legislation is also found in section 28 of the Improvement Act of 1911 (Stats. 1923, p. 118), upon which a similar construction was placed in the case of *California Land Co.* v. *Town of Corte Madera*, 97 Cal. App. 393 [275 Pac. 866].

It therefore but remains to make plain the nature of the illegality inhering in the original assessment in this

case. It appears that on November 30, 1923, appellants and others petitioned the council of the City of Los Angeles to open and widen Flower Street, between Washington and Figueroa Streets, to a uniform width of ninety feet and that pursuant to this petition said city council passed an ordinance of intention on April 1, 1924. It is the general description of the proposed improvement found in this ordinance of intention that furnishes the basis of the claim of absence of jurisdiction. Admittedly the ordinance contained a specific and accurate description of the property necessary to be taken to provide for the improvement intended and also purported to contain a general description thereof but in the latter respect it failed for there is an offset in Flower Street beginning at a point on Exposition Boulevard, 100 or more feet east of the line specifically described and running southerly and parallel to said line a distance of about 250 feet, intersecting Thirty-seventh Place where the street ends in a cul-de-sac. To open and widen Flower Street, strictly speaking, would be to improve this portion of the street also, but the specific description did not include this offset but instead, as above noted, described a projection or prolongation of Flower Street which would continue it, practically speaking, straight through southerly to the intersection of Thirty-eighth and Figueroa Streets. In other words, to be accurate, the general description should have provided also for the laying out and opening of the new street, which would be a projection or prolongation southward of that portion of Flower Street lying north of Exposition Boulevard.

It is manifest at once that one accurate description is a compliance with due process of law; therefore, it would be within the power of the legislature to dispense with the general description altogether, were it to so enact; hence this defect is one upon which a curative and corrective statute may operate. ■ Moreover, the petitioners here are in no position to urge the absence of due process of law for, the boundaries of the district were known to them, also the nature, location and extent of the improvement, which came as a result of the present litigation and the condemnation proceeding of which they had at least, under section 11 of said act, constructive notice; and now on reassessment they will have ample opportunity to secure a hearing

as to the extent of the benefits, if any, to their property. This will satisfy every requirement of due process of law.

"The proceedings, from the beginning up to and including the passage of the ordinance authorizing the work did not include any assessment or necessitate any assessment, although they laid the foundation for an assessment, which might or might not subsequently be made. Clearly all this might validly be done without hearing to the landowners, provided a hearing upon the assessment itself is afforded. *Voigt* v. *Detroit*, 184 U. S. 115 [46 L. Ed. 459, 22 Sup. Ct. Rep. 337]; *Goodrich* v. *Detroit*, 184 U. S. 432 [46 L. Ed. 627, 22 Sup. Ct. Rep. 397]." (*Londoner* v. *Denver*, 210 U. S. 373, 378 [52 L. Ed. 1103, 28 Sup. Ct. Rep. 708].)

Indeed, it may be within the power of the legislature to authorize a reassessment where the original assessment was absolutely void for constitutional reasons where on the reassessment due process of law prevails (2 Elliot on Roads and Streets, sec. 776). Such a course, however, would be tantamount to a new proceeding. But this question is not before us and we are indulging this discussion of it only because it illuminates the position we have taken respecting the present case.

Section 26a provides: "In the event that the court shall find that the improvement, the expenses of which are represented by said assessment or bonds, was commenced in good faith and carried on pursuant to an ordinance or resolution of the city council providing for such improvement to be paid for by a special assessment, it shall be the duty of the said court to order the making of a new assessment." The meaning of this provision is that a reassessment must be ordered when a resolution passed in good faith provides that the improvement be paid for by special assessment. The court found that such an ordinance was passed; that it correctly described the lands necessary for said improvement and the district necessary to be assessed to pay the expenses thereof. This is clearly sufficient to bring the improvement within the power of the city to carry out. The following further provision of said section 26a is also applicable: "It is hereby declared to be the true intent and meaning of this section to make the cost and expense of all local improvements actually made or proposed to be made in the attempted exercise of the powers conferred upon

municipalities under this statute, payable by the real estate benefited or to be benefited by such improvements by making a reassessment therefor which shall be equitably proportioned to each lot, each piece or parcel of land thereby benefited the amount of the actual benefits derived or to be derived from said improvement, notwithstanding that the proceedings of the city council or other officers or agents of the city, or other persons connected therewith may have been irregular, illegal or defective, or not in full conformity with the requirements of this statute.''

The chief reliance of appellants is on *O. T. Johnson Corp.* v. *City of Los Angeles,* 198 Cal. 308 [245 Pac. 164]. It is true that there an error was contained in the ordinance of intention similar to the one before us but proceedings in that case were arrested before any interlocutory judgment of condemnation was procured and, of course, before any assessment was made or reported and before any collections had been made thereunder. Consequently section 26a could not be invoked; hence, the situation of that case is such that it is not helpful on the question before us. For these reasons it is unnecessary to pursue the subject further.

The judgment is affirmed.

Curtis, J., Richards, J., Seawell, J., and Langdon, J., concurred.

SHENK, J., Dissenting.—I dissent. The court found on the undisputed record of the proceedings to open, widen and extend Flower Street, that the improvement proposed contemplated the opening of a new street to be known as Flower Street, but separate and distinct from and approximately parallel to the existing Flower Street for a distance of approximately 900 feet south of Exposition Boulevard. I am unable to distinguish this situation from that presented in *O. T. Johnson Corp.* v. *City of Los Angeles,* 198 Cal. 308 [245 Pac. 164], wherein it was held that under similar circumstances the city council was without jurisdiction to proceed because of the want of due process. In such case any assessment thereafter made would be void. I am in agreement with the premise laid down in the main opinion that jurisdiction does not exist where the issuing of the original assessment was entirely without the power of the city and

that "when due process of law is present when the first assessment is made, the reassessment is proper; when it is absent, the reassessment is improper." If the original assessment would have been invalid for want of jurisdiction it would necessarily follow from the above premise that the reassessment would likewise be invalid unless jurisdiction be lawfully acquired in the meantime. I cannot ascribe to section 26a the potency accorded to it in the main opinion. Notice of the reassessment ordered by the court cannot, in my opinion, bring to life the antecedent steps taken in the initiation of the proceeding to establish the extent of the assessment district, etc., which were void for lack of notice. The fact that the proceeding was not attacked before the original assessment was made would not, in my opinion, estop a property owner from contesting the void proceeding.

Waste, C. J., concurred.

Rehearing denied.

Shenk, J., and Waste, C. J., voted for a rehearing.