[Civ. No. 10388. Third Dist. July 30, 1962.]

CAPITAL FREIGHT LINES, Plaintiff and Appellant, v. CITY OF SACRAMENTO et al., Defendants and Respondents.

W. J. O'Leary for Plaintiff and Appellant.

Everett M. Glenn, City Attorney, E. R. Vaughn, Assistant City Attorney, and Edgar A. Boyles for Defendants and Respondents.

PEEK, P. J.—Plaintiff appeals from an adverse judgment in an action in which it sought to cancel an assessment levied on real property it owns.

In March of 1958, the City of Sacramento, acting under the provisions of the Improvement Act of 1911 (Sts. & Hy. Code, § 5000 et seq.) adopted a resolution of intention to improve certain streets. The area to be improved was posted with notices of adoption of the resolution of intention (Sts. & Hy. Code, § 5190). Notice of the passage of the resolution was published in accordance with the statutory requirements (Sts. & Hy. Code, §§ 5061 and 5062). However, no notice of the

adoption of the resolution of intention was mailed to any of the property owners as is required by section 5194 of the Streets and Highways Code. The improvement was subsequently completed and plaintiff's property was assessed $15,309.24. After plaintiff's appeal of the assessment to the city council was denied, this action was commenced in the superior court to have the particular assessment declared void. The trial court held that the assessment was valid. This appeal followed.

Sections 5194 and 5072 of the Streets and Highways Code read as follows:

"§ 5194. The legislative body shall direct the clerk to and he shall give notice by mail of the adoption of the resolution of intention."

"§ 5072. The failure of the clerk to mail any notice or the failure of any person to receive the same shall not affect in any way whatsoever the validity of any proceedings taken under this division, nor prevent the legislative body from proceeding with any hearing so noticed."

Plaintiff's attack upon the judgment is that the failure of defendants to mail notice of the resolution of intention, as required by section 5194 of the Streets and Highways Code, deprived the city council of jurisdiction to assess its property or to issue improvement bonds to represent the lien created as a result of the assessment bond, and that such failure likewise deprived it of due process.

There is no question but that section 5194 (see also § 5070) denotes a legislative requirement that the property owners of the property proposed to be assessed receive notice of the resolution of intention. It was improper not to so notify the owners. Here, if we are compelled to rely solely upon section 5072 of the Streets and Highways Code, as do defendants, to excuse the mailing of notices, it is quite possible we would have to hold the proceedings void, since it appears to us that section 5072 could only be construed to contemplate inadvertent failures to mail notices, rather than the admitted total failure to mail any notice in direct disobedience of the legislative mandate contained in section 5194. But we do not have to rely on section 5072. Instead, we believe two curative statutes remedy the error.

Section 5258 of the Streets and Highways Code reads: "At any time within ten days from the date of the first publication of the notice of award of the contract, any owner of, or other

persons having any interest in, any lot or land liable to assessment, who claims that any of the previous acts or proceedings relating to the work are irregular, defective, erroneous or faulty, may file with the clerk a written notice specifying in what respect the said acts and proceedings are irregular, defective, erroneous or faulty. The notice shall state that it is made pursuant to this section.''

Section 5259 of the Streets and Highways Code reads: ''All objections to any act or proceeding occurring prior to the time within which such objections are permitted to be filed in relation to the work, not made in writing and in the manner and at the time specified, shall be waived, if the resolution of intention to do the work has been actually published, as provided in this division.''

The question then presented is whether the curative provisions can remedy the error here, or whether the error goes to the jurisdiction of the legislative body to proceed.

In *Ferry* v. *O'Brien*, 188 Cal. 629, 636 [206 P. 449], it is stated: '' 'It is true that the Street Work Act of 1885, as in force prior to the enactment of section 12¼, afforded no escape from the obligation to provide an opportunity to protest, and to be heard thereon, before the order could be made that the work be done. But the legislature may authorize the waiver of any notice which is not essential to due process of law in the procedure that it prescribes. Whether the work shall be done or not is a question solely of public interest. Whether private property shall, or shall not, be assessed therefor, is a matter which directly touches upon the rights of the owner of that property. It is upon this matter that the incidence occurs, from which his right to be heard is derived. Therefore it has been held that the legislature has power to authorize an order for street improvement without notice; but that, on the other hand, the legislature has not power to authorize an assessment to be made without notice, whereby the property owner is given an opportunity to object to the assessment, and to be heard upon his objection or protest.' ''

Similar comment is found in *Watkinson* v. *Vaughn*, 182 Cal. 55 [186 P. 753]. There, the court in discussing section 16 of the Improvement Act of 1911 (now §§ 5258 and 5259), was concerned with what defects in street improvement proceedings could be cured. In so doing, the court referred to and cited with approval the comment in the earlier case of *Chase* v. *Trout*, 146 Cal. 350, 356 [80 P. 81]. In that case

the court held that the provisions contained in the act in question providing that the issuance of bonds was ''conclusive evidence of the regularity of all proceedings'' was valid insofar as it related to directory matters. However, it could not be made conclusive as to those matters essential to the exercise of the power. In other words, there is a ''. . . distinction between those so-called jurisdictional requirements which are called for by statute, and those jurisdictional requirements which are necessary for a compliance with the constitutional provision that property shall not be taken without due process of law, or with other constitutional provisions. . . .'' Thus, ''. . . it was held that while a failure to comply with jurisdictional requirements of the latter class could not be cured, a failure to comply with those of the former class might be cured by action of the legislature, since the legislature had the right, in the first instance, to omit such requirements entirely.'' (*Watkinson* v. *Vaughn, supra,* p. 58.) The court in *Chase* v. *Trout, supra,* at pages 359, 360, then concluded:

''The correct proposition is, that as the legislature has power to devise any scheme for the assessment and levy of taxes for local improvements, provided such scheme includes such notice and opportunity for hearing to the owner of property taxed as will be sufficient to constitute the due process of law required by the constitution, and otherwise complies with constitutional limitations and restrictions, so the legislature, by a curative clause in the law establishing the scheme, may provide that the issuance of a bond, or the execution of a deed, in the enforcement of such levy or assessment, shall be conclusive evidence of the regularity of the performance of all the required steps in the proceeding, excepting those that are necessary to constitute the due process of law, or to comply with any other constitutional prerequisite. As to all these other statutory steps or acts, the same power which prescribes them is competent to declare that their nonobservance shall not be fatal to the validity of the tax and that no inquiry may be made concerning them. This is substantially the effect of the statute in question here. The conclusive-evidence clause of section 4 of the Bond Act is a part of the law under which the proceeding was carried on, and its effect is the same as if it declared that, although all of these intermediate steps are directed, yet, if they are not performed as required, and the owner permits the matter to proceed until

the bond is issued, he shall be thenceforth precluded from proof of such nonobservance, and the requirements shall be conclusively presumed to have been complied with, *excepting those which are necessary to comply with constitutional mandates."* (Italics added.)

This language has been quoted, or its substance repeated, and the principle enunciated by it has been applied in a number of subsequent decisions. (*Baird* v. *Monroe*, 150 Cal. 560 [89 P. 352]; *Board of Education* v. *Hyatt*, 152 Cal. 515 [93 P. 117]; *Wilcox* v. *Engebretsen*, 160 Cal. 288 [116 P. 750]; *Schaffer* v. *Smith*, 169 Cal. 764 [147 P. 976]; *Imperial Land Co.* v. *Imperial Irr. Dist.*, 173 Cal. 660 [161 P. 113].)

It has also been held that notice of proceedings merely to determine whether the contemplated improvement should be made is not required by due process of law. A hearing on the assessment suffices. As stated in *Brill* v. *City of Los Angeles*, 209 Cal. 705, 708 [289 P. 850]:

" 'The proceedings from the beginning up to and including the passage of the ordinance authorizing the work did not include any assessment or necessitate any assessment, although they laid the foundation for an assessment, which might or might not subsequently be made. Clearly all this might validly be done without hearing to the landowners, provided a hearing upon the assessment itself is afforded. *Voigt etc. R.R. Co.* v. *Detroit*, 184 U.S. 115 [22 S.Ct. 337, 46 L.Ed. 459]; *Goodrich* v. *Detroit*, 184 U.S. 432 [22 S.Ct. 397, 46 L. Ed. 627].' (*Londoner* v. *Denver*, 210 U.S. 373, 378 [28 S.Ct. 708, 52 L.Ed. 1103].) "

It is evident that the failure of the city clerk to mail notices of the proposed resolution of intention was a defect that could be remedied by the curative statutes. A failure by plaintiff to file a protest in accordance with the requirements of section 5259 acted as a waiver of the omission. (*V. R. Dennis Constr. Co.* v. *City of San Diego*, 188 Cal.App.2d 833, 838 [10 Cal.Rptr. 894].) Since the record of the proceedings does not disclose any such protest, the trial court properly held that the city council had jurisdiction to proceed despite the omission asserted here.

The judgment is affirmed.

Schottky, J., and Pierce, J., concurred.