[Civ. No. 7298. Fourth Dist. Dec. 23, 1963.]

THE CITY OF DEL MAR, Plaintiff and Respondent, v. COY BURNETT et al., Defendants and Appellants.

Enright, Elliott & Betz, Theodore S. Tabah, Norman Elliott and Michael J. Fitzpatrick for Defendants and Appellants.

Luther L. Leeger, City Attorney, Curran, Golden, McDevitt & Martin and Robert A. Curran for Plaintiff and Respondent.

COUGHLIN, J.—The City of Del Mar brought this action to determine the validity of assessment proceedings for a proposed sewerage improvement district. (See Sts. & Hy. Code, § 5265; Code Civ. Proc., §§ 860-870.) The defendants challenged the proceedings upon the ground (1) that a valid protest by affected property owners had not been overruled as required by law; and (2) that, in ordering the proposed improvement, the city council acted arbitrarily, unreasonably exercised its power, and abused its discretion in the premises.

Pursuant to statutory requirements, the city engineer filed a report showing each parcel of land to be assessed for the proposed improvement and the amount of assessment against such (Sts. & Hy. Code, §§ 2824, 2825); the city council noticed a hearing on this report, at which protests might be considered (Sts. & Hy. Code, §§ 2851 et seq.); and the hearing was conducted accordingly.

Prior to this hearing protests had been filed by the owners of over one-half of the area to be assessed. This constituted a majority protest under the governing statute. (Sts. & Hy. Code, § 2930.) However, the engineer's report did not disclose the area of each of the parcels subject to assessment. At the meeting in question the engineer advised the council that there were 59 assessment parcels; that 25 protests had been filed; that 42 per cent of the owners protested; and that more than 50 per cent of the owners were "in favor of the sewer." At that time he had made no computation to determine the amount of land owned by the protestants which, as previously noted, was more than 50 per cent of the area within the proposed assessment district.

The protesting owners were given the opportunity to appear and state their opposition at the hearing; some of them did so; but none of them advised the council that their total protests represented over one-half of the land to be assessed.

Where a proposed improvement is other than a sewerage or drainage project, a majority protest per se effects an abandonment of the proceedings. (Sts. & Hy. Code, § 2930.) On the other hand, where the improvement is for sewerage facilities, the council may proceed therewith even though a majority

protest has been filed if, at the protest hearing, by a four-fifths vote, it makes statutorily designated determinations and overrules the protests. Section 2932 of the Streets and Highways Code provides: "If the ... improvement is for sewerage ... facilities only and is deemed by the legislative body conducting the proceedings to be necessary for the inhabitation or use of the property benefited, and such body shall, by a four-fifths vote of all members thereof entered upon its minutes, determine that said project is feasible and that the lands to be assessed will be able to carry the burden of such proposed assessment, it may by like vote overrule a majority protest in the proceedings hereunder or in the improvement proceedings to follow. Such finding and conclusion shall be final and conclusive in the absence of fraud." In the instant case, the council unanimously adopted a resolution making the determination required by section 2932 and declaring that "all protests against said proposed improvement, if any, are hereby overruled."

The defendants contend that the council did not overrule the subject protests because it did not recognize them as the majority protest designated by the statute; did not determine that these protests were made by owners of over one-half of the area included within the proposed district; did not know what proportion of this area was owned by the protestants; and acted under the information given them by the city engineer that "more than 50 per cent of the property owners in the district were in favor of the sewer."[1] They also contend that the failure of the council to recognize and thus act upon the protests in question as a majority protest deprived the council of jurisdiction to proceed in the premises, and denied them due process of law.

The trial court found, among other things, that at the conclusion of the protest hearing the council, by unanimous vote, overruled *all* protests against the proposed improvement; and, as a conclusion of law, declared that the council overruled the majority protest in question pursuant to the provisions of section 2932. The defendants contend that this finding and conclusion are not supported by the evidence.

█ A majority protest, i.e., a protest by the owners of more than one-half of the property to be assessed, is a fact;

---

[1] It should be noted that the engineer did not advise the council that the owners of over 50 *per cent of the property* were in favor of the sewer, but that over 50 *per cent of the owners* were in favor of such, which was correct.

terminates all improvement proceedings except those involving sewerage or drainage facilities; and as to the latter also terminates the proceedings unless the council, by a four-fifths vote, makes certain determinations, and overrules the protest. ▉ It is the actual existence of a majority protest rather than a determination by the council respecting its existence, that terminates the previously undertaken improvement proceedings or, in the case of a sewerage facility improvement, requires a four-fifths overriding vote of the council to prevent such termination. Section 2932 of the Streets and Highways Code, in substance, confers upon the council the power to overrule a majority protest; declares such a protest ineffective as against the council's four-fifths vote; and thus prescribes a method by which, under certain conditions, a sewerage improvement may proceed regardless of the representative size of the protest. ▉ To act under the authority conferred by this section, the council is not required to determine what area of the proposed assessment district is represented by the protesting owners. It may assume that the area so represented is sufficient to constitute a valid majority protest. If such assumption is the fact, the council's adherence to the procedure prescribed by section 2932 permits the improvement to proceed in spite of the protest. On the other hand if, contrary to such assumption, the protests do not constitute a majority protest, the action of the council in proceeding under that section, although unnecessary, is harmless. In either event a hearing is conducted as required by the statute. ▉ The owners subject to the assessment are given an opportunity to challenge the regularity or sufficiency of the proceeding and to present whatever protests they may wish to urge in opposition to the proposed improvement, the cost thereof, the amount of their proposed assessment, or other pertinent matters. Such a hearing affords them the due process guaranteed by the Constitution. (*Brill* v. *Los Angeles*, 209 Cal. 705, 707-708 [289 P. 850]; *Chase* v. *Trout*, 146 Cal. 350, 359 [80 P. 81]; *Gianni* v. *City of San Diego*, 194 Cal.App.2d 56, 61 [14 Cal.Rptr. 783].) ▉ If the protestants represent more than one-half of the property to be assessed, and this is a fact which is pertinent to a determination whether to proceed with or abandon the project (see Sts. & Hy. Code, § 2829), the protestants have an opportunity to present this fact to the council at the time of the hearing and, failing to do so, they may not urge that the council acted in ignorance thereof.

■ Contrary to the defendants' contention, a determination that the protests filed constitute a majority protest is not a jurisdictional prerequisite to the exercise of the authority conferred by section 2932.

■ In the instant case, when the council proceeded in the manner authorized by section 2932, obviously, it acted under the assumption that a majority protest had been filed. Otherwise, the procedures prescribed thereby would have been unnecessary. When a four-fifths vote of all of the council members made the determinations prescribed by that section, and overruled ''all protests, if any'' to the proceedings, it declared its intention not to abandon the subject proceeding whether the protests at hand were majority or nonmajority, valid or invalid, legally existent or nonexistent. The finding of the trial court that the council overruled all protests to the subject proceeding adopted the inference that it proceeded in accord with the provisions of section 2932 under the assumption that a valid majority protest had been filed. The court's conclusion of law that the majority protest in question was overruled pursuant to the provisions of that section properly followed. The defendants' contention that the finding in question is not supported by the evidence, and that the conclusion of law is erroneous, is without merit.

The defendants' further ground for reversal is based upon the ruling of the trial court by which it refused to consider evidence in support of their contention that in proceeding with the proposed improvement the city council acted arbitrarily, unreasonably exercised its power, and abused its discretion; that its action in the premises was unlawful; and that the defendants thus were denied due process of law. In support of this contention they made an offer of evidence tending to prove that certain findings made by the council were unsupported; that no health hazard existed which required the contemplated sewerage facility; that the improvement in question was unnecessary; and that its construction was inadvisable in view of existing nuisance conditions which would be aggravated thereby. The offered evidence did not include proof of any fraud.

The law as declared by statute foreclosed the judicial attack upon the action of the council in the exercise of its discretion which the defendants sought to raise; section 2932 of the Streets and Highways Code, as heretofore noted, provides that the finding and conclusion of the council with

respect to the matters therein set forth "shall be final and conclusive in the absence of fraud"; and section 5266 of that code provides that in an action to determine the validity of improvement proceedings, such as the one at hand, "all findings, conclusions and determinations of the legislative body which conducted the proceedings shall be conclusive in the absence of actual fraud." (Generally see *Chase* v. *Trout, supra,* 146 Cal. 350 regarding the effect of such statutes.)

Furthermore, in reality, the defendants' attack is directed to the wisdom of the council's action which, under general principles, is not subject to judicial review. (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 329 [253 P.2d 659]; *Sinclair* v. *State of California,* 194 Cal.App. 2d 397, 406 [15 Cal.Rptr. 493].)

The contention that the order of the court foreclosing the inquiry in question denies the defendants due process of law is wholly without merit. (*Franchise Tax Board* v. *Superior Court,* 36 Cal.2d 538, 549 [225 P.2d 905]; *Brill* v. *City of Los Angeles, supra,* 209 Cal. 705, 708; *Sinclair* v. *State of California, supra,* 194 Cal.App.2d 397, 407.)

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.

A petition for a rehearing was denied January 21, 1964, and appellants' petition for a hearing by the Supreme Court was denied February 19, 1964.